IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANK ADAMS and CHRISTIE A. ADAMS, IND. & AS H/W,<br>Plaintiffs | : CIVIL ACTION<br>:<br>: |
| vs. | : CASE NO. 5:16-cv-00907-JLS<br>: |
| WELLS FARGO BANK, N.A., and PHELAN, HALLINAN, DIAMOND & JONES, LLP, f/k/a PHELAN, HALLINAN & SCHMIEG, LLP,<br>Defendants | :<br>:<br>:<br>:<br>: |

### BRIEF OF DEFENDANT WELLS FARGO BANK, N.A., IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT

Defendant Wells Fargo Bank, N.A. ("**Wells Fargo**"), submits this brief in opposition to Plaintiffs' Motion for Leave to Amend Complaint filed on May 17, 2017 [Doc. 35] (the "**Motion for Leave to Amend**").

### I. INTRODUCTION

The Motion for Leave to Amend should be denied because the two new claims Plaintiffs[1] seek to add for negligence (Count V) and negligent infliction of emotional distress (Count VI) are deficient as a matter of law because Wells Fargo (as well as its foreclosure counsel Phelan) did not owe the Plaintiffs a "duty to exercise due care" as a matter of settled Pennsylvania law. As such, leave to amend would be futile and the Motion for Leave to Amend should be denied.

### II. FACTUAL AND PROCEDURAL BACKGROUND

For the Court's convenience, Wells Fargo incorporates by reference the Factual Background section of its brief in support of its Motion to Dismiss [Doc. 12-3 at Section II.].

---

[1] For the Court's convenience, all defined terms used in Wells Fargo's brief in support of its Motion to Dismiss [Doc. 12-3] are used herein unless otherwise specified.

1

On April 13, 2016, Plaintiffs filed their First Amended Civil Action Complaint (the "**Amended Complaint**") in this action against Wells Fargo and Phelan. [Doc. 9]. In the Amended Complaint, Plaintiffs asserted the following claims: Wrongful Use of Civil Proceedings under the Dragonetti Act (Count I), violation of Pennsylvania's Act 6 (Count II, against Wells Fargo only), violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("**UTPCPL**") (Count III), violation of the Fair Debt Collection Practices Act ("**FDCPA**") (Count IV, against Phelan only) and for loss of consortium (Count V).

On May 2, 2016, Wells Fargo and Phelan each moved to dismiss the Amended Complaint. [Docs. 12 and 13].

By Order (the "**Order**") and Memorandum each dated April 13, 2017, the Court granted the motions to dismiss in part and denied in the motions in part. [Docs. 22 and 23]. The Order dismissed the Wrongful Use of Civil Proceedings claim with prejudice.

On April 18, 2017, Plaintiffs filed a motion for reconsideration with respect to the Order. [Doc. 25]. By Order dated April 27, 2017, the Court denied the motion for reconsideration. [Doc. 30].

On May 17, 2017, Plaintiffs filed the instant Motion for Leave to Amend. [Doc. 35]. In the Motion for Leave to Amend, Plaintiffs request leave to file a Second Amended Complaint (the "**Second Amended Complaint**") that alleges two new causes of action sounding in negligence against Wells Fargo and Phelan – Count V for negligence and Count IV for negligent infliction of emotional distress.[2] A copy of a blackline showing the changes from the

---

[2] The proposed Second Amended Complaint does not include a Count IV. It includes Count I for violation of Act 6 (against Wells Fargo only), Count II for violation of the UTPCPL, Count III under the FDCPA (against Phelan only), Count V for negligence, Count VI for negligent infliction of emotional distress, and Count VII for loss of consortium.

2

Amended Complaint to the proposed Second Amended Complaint is attached hereto as Exhibit "A."

In Count V, the proposed negligence claim, Plaintiffs allege that Wells Fargo owed them "a duty to exercise due care towards plaintiffs to not act against advice of its own managerial employees to foreclose on a borrower's home without sound factual basis of an accurate accounting of the borrower's mortgage loan payments." [Second Amended Complaint, ¶ 57]. Plaintiffs do not identify any legal authority creating any such "duty to exercise due care . . . to not act against advice of [Wells Fargo's] own managerial employees to foreclose . . . ."

In Count VI, Plaintiffs' proposed negligent infliction of emotional distress claim, Plaintiffs similarly contend that "Defendants owed Plaintiffs a duty to exercise due care towards plaintiffs to not act against advice of its own managerial employees to correct accounting and refrain from collections including threatened foreclosure . . . ." [Second Amended Complaint, ¶ 63].

Plaintiffs assert that Wells Fargo's violation of the supposed "duty to . . . not act against the advice of its own managerial employees" caused them harm. [Second Amended Complaint, ¶¶ 57-66].

## III. ARGUMENT

### A. STANDARD FOR LEAVE TO AMEND

Federal Rule of Civil Procedure 15(a) states that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e) or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's

3

written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

It is well-settled that leave to amend is properly denied where the proposed amendment is futile. Foman v. Davis, 371 U.S. 178, 182 (1962); Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000) (grounds that can justify denial of leave to amend include undue delay, bad faith, dilatory motive, prejudice, and futility); In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997) (futility means that the complaint, as amended, would fail to state a claim upon which relief could be granted).

Here, leave to amend would be futile. The Second Amended Complaint, other than making minor changes near the beginning of the Second Amended Complaint, purports to assert two new claims against Wells Fargo (and Phelan) for negligence and negligent infliction of emotional distress based on Wells Fargo's alleged "duty . . . to not act against advice of its own managerial employees" by foreclosing. These claims are deficient as a matter of settled law because Wells Fargo owed Plaintiffs no such duty and, as such, leave to amend should be denied as futile.

### B. THE SECOND AMENDED COMPLAINT FAILS TO STATE A CLAIM FOR NEGLIGENCE (COUNT V) OR NEGLIGENT INFLICTION OR EMOTIONAL DISTRESS (COUNT VI)

The Second Amended Complaint fails to state a claim for negligence or negligent infliction of emotional distress because the Plaintiffs have not – and cannot – identified any legal duty that Wells Fargo (or its foreclosure counsel Phelan) owed Plaintiffs, including any such purported "duty . . . to not act against advice of its own managerial employees."

To state either a negligence claim or negligent infliction of emotional distress claim, among other requirements, a plaintiff must allege that a defendant owed the plaintiff a

4

pre-existing legal duty. See, e.g., Merlini v. Gallitzin Water Auth., 934 A.2d 100, 104 (Pa. Super. Ct. 2007) (In order to state a claim for negligence, a plaintiff must plead the following elements: (1) the defendant owed him a duty; (2) the defendant breached that duty; (3) the plaintiff suffered actual harm; and (4) a causal relationship exists between the breach of duty and the resultant harm); Green v. Bryant, 887 F. Supp. 798, 801-02 (E.D. Pa. 1995) (where, as here, there are no allegations that the defendant witnessed an accident injuring a close relative, a negligent infliction of emotional distress claim requires a plaintiff to allege that the plaintiff "'suffered such distress as a result of a breach by a defendant of a distinct pre-existing duty of care, that is in essence an independent tort.'") (quoting Herbert v. Greyhound Lines, Inc., No. CIV. A. 93-5447, 1994 WL 493732, at *3-4 (E.D. Pa. Sept. 8, 1994))

Contrary to Plaintiffs' unsupported assertion that Wells Fargo owed them a duty to not act against the advice of its own employees by foreclosing, Pennsylvania law does not impose any such duty on Wells Fargo because as a matter of settled Pennsylvania law lenders do not owe any duty of care to their borrowers. See Rousseau v. City of Philadelphia, 100 Pa. Cmwlth. 173, 177, 514 A.2d 649, 652 (1986) ("[a] lender owes no duty of care to his borrower."); Federal Land Bank of Baltimore v. Fetner, 410 A.2d 344 (Pa. Super. Ct. 1979) (same); Williams v. EMC Mortgage Corp., No. 12-1215, 2013 WL 1874952, at *8 (E.D. Pa. May 3, 2013) (dismissing negligence claim asserted against mortgagors asserting that mortgagors "failed to use reasonable care in discharging their responsibilities and duty of care under law" because a "lender owes no duty of care to his borrower" (quoting Rousseau, supra)); Villari v. Wells Fargo Financial Leasing, Inc., No. 13-297, 2013 WL 5468497, at *7 (E.D. Pa. Sept. 30, 2013) (dismissing negligence claim where plaintiff did not identify any legally cognizable duty Wells Fargo owed to the plaintiff, as a lender owes no duty of care to his

5

borrower) (citing Rousseau, supra); Grimaldi v. Bank of America, No. 3:12-CV-2345, 2013 WL 1050549, at *10 (M.D. Pa. Mar. 14, 2013) (dismissing plaintiff's negligent infliction of emotional distress claim under Pennsylvania law against lender because the lender-borrower relationship creates no "implied duty to care for the plaintiff's emotional well-being" and therefore the relationship between the lender and the borrower "cannot support a negligent infliction of emotional distress claim"); accord Shinn v. Champion Mortg. Co., No. 09-CV-00013(WJM), 2010 WL 500410, at *4 (D.N.J. Feb. 5, 2010) (dismissing negligence claim against mortgagor based on allegations that mortgagor negligently serviced mortgage loan because "a bank does not owe a duty of care to a borrower, even if the borrower is a consumer"); Land v. Green Tree Servicing, LLC, No. 8:14-1165-TMC, 2014 WL 5527854, at *4-5 (D.S.C. Oct. 31, 2014) (dismissing negligence claim against mortgage servicer where mortgagors alleged that the bank went to their property because a mortgage servicer does not owe a duty to a borrower).

Moreover, while Counts V and VI are claims sounding in tort (negligence and negligent infliction of emotional distress) as pled, they appear to be instead claims based on alleged (unspecified) breaches of duties created by contract (such as the Mortgage and underlying promissory note). Pennsylvania's gist of the action doctrine bars claims in tort if the alleged duty breached is one "created by the parties by the terms of their contract." Bruno v. Erie Ins. Co., 106 A.3d 48, 68-69 (Pa. 2014) (recognizing the gist of the action doctrine and holding that tort claims based on alleged breaches of duties created by the parties under a contract sound in contract and not in tort). In other words, a claim involving a "breach of a contractual obligation" masquerading as a tort claim is precluded by the gist of the action doctrine. Id. at 70-71. Further, "the substance of the allegations comprising a claim . . . are of

6

paramount importance, and thus, the mere labeling by the plaintiff of a claim of being in tort . . . is not controlling." Id. at 68.

In Jones v. ABN Amro Mortgage Group, Inc., 606 F.3d 119, 123-24 (3d Cir. 2010), the Third Circuit held that a negligence claim brought by a mortgagor against a mortgagee was precluded by the gist of the action doctrine since the mortgagee's duty to properly service the loan (in applying payments) was imposed by contract (the mortgage) rather than by law. Id.; see also Andress v. Nationstar Mortgage, LLC, No. 15-1779, 2016 WL 75085, at *6 (E.D. Pa. Jan. 6, 2016) (dismissing plaintiffs' negligence claims against mortgage servicer pursuant to the gist of the action doctrine because "the only possible source of . . . a duty [of care] in this case is the mortgage agreement itself"); Sarsfield v. Citimortgage, Inc., 707 F. Supp. 2d 546, 554-555 (M.D. Pa. 2010) (mortgagee's claim against mortgagor for negligently failing to adequately credit escrow payments was barred by the gist of the action doctrine).

Here, proposed Counts V and VI involve alleged breaches of duties created by contract (such as the Mortgage and underlying promissory note). Plaintiffs assert that Wells Fargo foreclosed on the Mortgaged Property "without sound factual basis of an accurate accounting of the borrower's mortgage loan payments," that Wells Fargo "fail[ed] to correct its faulty accounting of plaintiffs' loan," and that Wells Fargo should have "correct[ed] [its] accounting." [Second Amended Complaint, ¶¶ 57, 60, 63-64]. Any accounting of Plaintiffs' mortgage payments by Wells Fargo (or other loan servicing) was pursuant to a contract. Accordingly, the gist of the action doctrine bars the Plaintiffs' claims for negligence (Count V) and negligent infliction of emotional distress (Count VI). See Bruno, 106 A.3d at 68-69; Jones, 606 F.3d at 123-24; Andress, 2016 WL 75085, at *6; Sarsfield, 707 F. Supp. 2d at 554-555.

7

Accordingly, leave to amend to assert these two new claims sounding in negligence would be futile.

Tellingly, Plaintiffs do not cite any authority imposing a pre-existing legal duty upon Wells Fargo in their Motion for Leave to Amend, accompanying Memorandum of Law, or proposed Second Amended Complaint. Plaintiffs' sole focus in their Memorandum of Law submitted in support of the Motion for Leave to Amend is whether or not the "continuing violation doctrine" applies to their proposed negligence and negligent infliction of emotional distress claims that are largely, if not entirely, time-barred[3] by the two year statute of limitations applicable to negligence and negligent infliction of emotional distress claims. See 42 Pa. C.S. § 5524. As conceded by Plaintiffs in their Memorandum of Law, the "continuing violation doctrine" typically applies to a continuing practice of <u>discrimination</u>. [See Plaintiffs' Memorandum of Law, pages 4-5]; see Schaffhauser v. Citibank, 340 Fed. Appx. 128 (3d Cir. 2009) (noting that Third Circuit decisions have generally limited the continuing violation doctrine to employment discrimination claims) (citing O'Connor v. City of Newark, 440 F.3d 125, 127-28 (3d Cir. 2006)).

Here, "Plaintiff[s] cite no authority in support of [their] argument that the continuing violations doctrine applies to state tort claims, such as negligence . . . ." Henise v. York County Bd. of Comm'rs, No. 4:06-CV-2469, 2007 WL 1684434, at *5 n.11 (M.D. Pa. June 8, 2007). Further, the continuing violations doctrine only "applies when the acts of the defendant are not individually actionable, but only the cumulative effect of those acts creates a cause of

---

[3] Plaintiffs have not identified the specific dates of allegedly negligent actions taken during "[t]he foreclosure action by Wells Fargo prosecuted from October 2011 through December 2015" other than an oral argument that took place on May 26, 2015 in a thinly-disguised attempt to avoid having the statute of limitations wipe out most, if not all, of these claims at the motion to dismiss stage. Sabo v. Parisi, 583 F. Supp. 1468, 1470 (E.D. Pa. 1984) (when the running of the statute of limitations is apparent from the face of the complaint, the defense may be raised in a Rule 12(b)(6) motion).

action." Anders v. Bucks County, No. 13-5517, 2014 WL 1924114, at *4 (E.D. Pa. May 12, 2014). Here, Plaintiffs do not allege in the Second Amended Complaint that the supposed acts of Wells Fargo and Phelan only became actionable at a certain point in time based on the cumulative effect of those acts. The continuing violations doctrine does not apply here. But more importantly, as explained above, because Wells Fargo owed no pre-existing legal duty to Plaintiffs, the negligence and negligent infliction of emotional distress claims fail as a matter of law.

## IV. CONCLUSION

For all of the foregoing reasons, the Motion for Leave to Amend should be denied.

Dated: May 31, 2017

STEVENS & LEE

By: /s/Craig A. Hirneisen
Steven J. Adams
Attorney I.D. No. 56293
Craig A. Hirneisen
Attorney I.D. No. 209108
111 North Sixth Street
P.O. Box 679
Reading, Pennsylvania 19603-0679
610-478-2133/2229
sja/cah@stevenslee.com
Attorneys for Defendant Wells Fargo Bank, N.A.

SL1 1466314v1 104945.00722