UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANK AND CHRISTIE A. ADAMS, individually and as h/w, | : CIVIL ACTION |
| Plaintiffs, | : NO. 5:16-cv-00907-JLS |
| v. | : |
| WELLS FARGO BANK, N.A. and PHELAN HALLINAN DIAMOND & JONES, LLP, f/k/a PHELAN, HALLINAN & SCHMIEG, LLP, | : |
| Defendants. | : |

## BRIEF OF PHELAN HALLINAN DIAMOND & JONES, LLP IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Defendant Phelan Hallinan Diamond & Jones, LLP ("Phelan") hereby opposes Plaintiffs' Motion for Leave to File a Second Amended Complaint (ECF 35, May 17, 2017) for the reasons stated herein. Phelan joins in the opposing brief of co-Defendant Wells Fargo and incorporates same by reference, including Wells Fargo's legal arguments. In the interests of brevity, this brief contains only additional reasons for denying Plaintiffs' Motion.

Plaintiffs seek to add two new negligence claims. As shown below, either (i) those clams are not directed at Phelan, in which case Plaintiffs' proposed pleading needs to be clarified to so state, or (ii) if Plaintiffs were, however, intending to assert new claims against Phelan, they have failed to state cognizable claims. The new claims fail to state claims against Phelan as a matter of law, because (a) Phelan owes no duty to Plaintiffs, who were never Phelan's clients, and (b) Pennsylvania's judicial privilege bars all torts claims against lawyers like Phelan, who acted only in conducting the foreclosure litigation against Plaintiffs on behalf of Phelan's client, Wells Fargo.

# I. FACTUAL AND PROCEDURAL BACKGROUND

In addition to the background supplied by Wells Fargo, Phelan emphasis that the allegations of the proposed Second Amended Complaint (the "SAC"; ECF No. 35-2) as to Mrs. Adams experiencing a miscarriage have a time frame of November 2009. SAC ¶ 13. Phelan is not alleged to have been involved in any conduct until late January, 2011, at the earliest. SAC ¶ 23. Thus, under no circumstances can Phelan be liable for this or any other conduct occurring before 2011, although it is far from clear from the SAC that alleged injuries occurred as late as 2011.

The SAC contains no other specific allegations, aside from the miscarriage, of physical or mental suffering or injury, at least as to Phelan. Thus, SAC ¶ 31 describes such injuries in conclusory terms, with the concluding words of that paragraph attributing those injuries to "treatment Plaintiffs experienced from Wells Fargo" only, with no reference to Phelan. Similarly, SAC ¶¶ 60-61, which are part of one of the first of the two new claims asserted in the SAC, assert that Wells Fargo inflicted emotional distress on Plaintiffs, again without mention of Phelan.

In the other new claim, SAC ¶¶ 65-66 describe the same kind of injuries in general terms, lacking specifics as to which injuries occurred when, and which defendant is allegedly responsible for them. However, as shown below, the context indicates that Plaintiffs are asserting that Wells, not Phelan, caused such injuries.

# II. LEGAL REASONING AND ARGUMENTS

### A. Plaintiff's Motion Should Be Denied, with Prejudice, Because It Does Not and Cannot State a Claim for Relief against Phelan as a Matter of Law.

The SAC asserts two new claims sounding in negligence. It is undisputed that Phelan acted throughout only as attorneys for its client, Wells Fargo. As Wells Fargo's brief

demonstrates, there is no duty owed to Plaintiffs by Wells Fargo. If Wells Fargo owed no such duty, *a fortiori* Phelan, as Wells Fargo's agent/attorney, cannot have a greater duty to Plaintiffs.

**Phelan owes no duty to Plaintiffs because they are not Phelan's clients.** Moreover, it is well-established under Pennsylvania law that attorneys do not owe duties, or have liability in negligence to, persons like Plaintiffs who are not clients of the attorneys. See, e.g., *Grimm v. Grimm*, 2016 Pa Super 217 (2016), where the Superior Court restated this legal principle in upholding dismissal of a legal malpractice claim. At oral argument, the unsuccessful objector's counsel correctly conceded that the malpractice claim was foreclosed by the Supreme Court's decision in *Guy v. Liederbach*, 459 A.2d 744 (Pa. 1983), which

> ... held that in order to pursue a legal malpractice claim there must be an attorney-client relationship, *i.e.*, privity, between the attorney and the plaintiff. The only exception to the privity requirement is for "a named beneficiary of a will who is also named executrix" ... *Id.* at 746."

Simply stated, Phelan owed no duty to Plaintiffs, whose cite no contrary authority in their Motion. Plaintiffs thus cannot state any claim against Phelan sounding in negligence, and the new claims in the SAC fail for that reason as a matter of law.

**The Judicial Privilege Bars Plaintiffs' Negligence Claims Flowing from the Foreclosure Litigation.** Equally dispositive, Plaintiffs' negligence claims fail as a matter of law under Pennsylvania's judicial privilege. As noted, SAC ¶ 23 asserts that Phelan was introduced to the events at issue only in connection with foreclosure litigation. There are not, and could not be, any other factual allegations in the SAC concerning Phelan acting in any capacity other than as foreclosure litigation counsel to Wells Fargo.

Pennsylvania's judicial privilege broadly bars tort claims based on actions and statements made in the course of, or related to, litigation. Under Pennsylvania law "participants in judicial proceedings have an absolute privilege for communications related to the proceedings." *LLMD*

of Michigan, Inc. v. Jackson-Cross Co., 740 A.2d 186, 188, 559 Pa. 297 (1999) (citing *Binder v. Triangle Publications, Inc.*, 275 A.2d 53442 Pa. 319 (1971)). This privilege applies to statements by "a party, a witness, **counsel**, or a judge," and is based on the established public policies designed to enable counsel "to best represent his client's interests" without the threat of being sued for his advocacy. *Id.* at 189 (emphasis added).[1]

### B. The SAC Violates Fundamental Pleading Rules, Failing to Make Clear Whether Any of the New Allegations Are Asserted against Phelan.

Allegations in federal court pleadings must be simple, concise and direct. FRCP 8(d). The SAC, and the two new claims in particular, are anything but, especially in terms of asserting which party engaged in alleged misconduct.[2] Phelan believes that neither of the two new claims is directed at it, and if Plaintiffs agree, then Plaintiffs' Motion is not of direct concern to Phelan.

Phelan believes that examination of the SAC confirms the new claims are not directed against Phelan. Indeed (other than indirectly through the opening incorporation paragraph) the first new claim, Count V – Negligence, fails to mention Phelan.

The second new claim, Count VI – Negligent Infliction of Emotional Distress, refers to "Defendants" owing a duty in ¶ 63, but continues by referring to the advice of "its" managerial employees. As confirmed by e.g., ¶ 61, the only managerial employees mentioned are those of Wells Fargo. Thus, Phelan submits that the fair and logical reading of ¶ 63 is that it is directed against Wells Fargo, not Phelan.

---

[1] Although Phelan violated no duty to Plaintiffs, Phelan notes that Plaintiffs' claims of 'continuing violations' are ineffectual in all events. See *Schaffhauser v. Citibank*, 340 F. App'x 128 (3d Cir. 2009) noting that Third Circuit decisions have generally limited the continuing violation doctrine to employment discrimination claims (citing *O'Connor v. City of Newark*, 440 F.3d 125, 127-28 (3d Cir. 2006))

[2] SAC ¶ 46 includes an allegation as to a party named "Ocwen" cashing payments from Plaintiff. As far as Phelan knows, Ocwen has nothing to do with this matter.

SAC ¶ 64 is similarly poorly worded, utilizing "Defendants" but then referring to the same managerial employees of Wells Fargo. SAC ¶ 65 then returns to the use of the singular "Defendant", although ¶ 66 flops back to using the plural, without offering any insight or explanation for the change.

Plaintiffs' lack of clarity and alternate lumping and unlumping of Defendants renders it impossible to decipher what Plaintiff is alleging, and thus equally impossible for Phelan to plead in response. Phelan respectfully asks the Court to declare that the SAC does not properly plead that Phelan is a defendant in the two new claims, if the Court does not dismiss those claims against Phelan for the reasons stated above.

### III. CONCLUSION

Plaintiffs' Motion should be denied, if not entirely, then at least as to Phelan.

Respectfully submitted,

**FLASTER/GREENBERG P.C.**

Dated: May 31, 2017

By: /s/ *Kenneth S. Goodkind*
Kenneth Goodkind, Esq.
1835 Market Street, Suite 1050
Philadelphia, PA 19106
-and-
1810 Chapel Avenue West
Cherry Hill, NJ 08002
Tel: (856) 661-1900
Fax: (856) 661-1919
*Attorneys for Defendant*
*Phelan Hallinan Diamond & Jones, LLP*