# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANK & CHRISTIE ADAMS | : | |
| Plaintiffs, | : | NO.: 16-907 |
| v. | : | |
| WELLS FARGO BANK, N.A., et al. | : | **JURY OF TWELVE (12) DEMANDED** |
| Defendants. | : | |

## PLAINTIFFS' OMNIBUS REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO AMEND

**I.  Defendants owed a duty of care to Plaintiffs**

Co-defendant, Wells Fargo cites Rousseau, *supra.,* for the contention that the Pennsylvania Commonwealth Court held lenders not liable to their borrowers. However, Rousseau is distinguishable as regarding a homeowner bringing an action against the City of Philadelphia as an escrow agent regarding disbursement of federal funds to a contractor for home improvements.

Likewise, Wells Fargo cites Fetner, *supra*., which is likewise distinguishable as regarding a counterclaim to a mortgage foreclosure surrounding a claim of fraudulent inducement pertinently regarding a title report therein indicating an easement. To that end, Fetner was distinguished by Garbish v. Malvern Federal Savings & Loan Association, 517 A.2d 547 (Pa.Super. 1986). In Garbish, *supra*., the Superior Court – distinguishing Fetner – holding the lender breached a duty to its borrowers. Id.

Wells Fargo goes on to cite Williams, *supra.,* a non-precedential opinion which was *pro-se* prosecuted. To that end, the District Court cited Scampone v. Highland Park Care Ctr., LLC,

57 A.3d 582 (Pa. 2012) as applied to Althaus ex rel. Althaus v. Cowen, 756 A.2d 1166 (Pa. 2000) (and §323 of the Restatement (Second) of Torts).

Towards Althaus' application, Williams, at *8, the Pennsylvania Supreme Court specifically held that there can in fact exist a duty of care between third parties.

In balancing the Althaus factors, those factors all favor a duty of care.

To the extent Villari, at *7, regards a similar negligence action, Villari cites Rousseau – which has been discussed above.

In applying the Althaus factors, Defendants owed a duty to not just only account/service the loan properly but not to wrongfully foreclose on Plaintiffs.

**II.**   *Gist of the action/economic loss doctrine*

Wells Fargo cites Jones, *supra*., for the prospect that the gist of the action/economic loss doctrine precludes a cause in tort rather than contract (for servicing). However, Plaintiff's claim is not in wrongful servicing but rather wrongful foreclosure. Notably, Jones was decided prior to Bruno, *supra*.

"… [C]aution must be exercised in dismissing a tort action on a Motion to Dismiss because whether tort and contract claims are separate and distinct can be a factually intensive inquiry." Suessenbach Family Ltd. P'ship. v. Access Midstream Partners, L.P., 2015 WL 1470863, at *19 (M.D.Pa. 2015) (internal citations and quotations omitted); CH & H Pennsylvania Properties, Inc. v. Heffernan, 2003 WL 2200-6799, at *6 n.6 (E.D.Pa. 2003).

Because the instant action is based on the wrongful foreclosure, the doctrine does not apply where: (1) the contract at issue does not fully circumscribe all of the wrongs alleged [1]; (2)

---

[1] Phico, Inc. Co. v. Presbyterian Medical Svcs. Corp., 663 A.2d 753, 756-758 (Pa.Super. 1995); Egan v. USI Mid-Atlantic, Inc., 92 A.3d 1, 18-19 (Pa.Super. 2014).

the claim sounds in a moral wrong or public policy failing [2]; and (3) the negligence arises from a foreseeable third-party. [3]

The *Gist of the Action/*Economic Loss doctrine does not apply to a wrongful foreclosure. Likewise, there exists a duty of care to Plaintiffs.

**III.     There exists a duty of care as to both Defendants**

Co-defendant, Phelan additionally argues that it as an attorney has no duty of care to third-parties.

To be clear, Plaintiffs plead their (requested to be amended) causes (Negligence/NIED) as against both defendants, Wells Fargo and Phelan.

Phelan argues that the judicial privilege bars Plaintiffs' claims. However, while the judicial privilege *may* bar claims arising from the content of judicial proceedings (i.e., pleadings, etc.), it does not bar claims arising from the inception and ongoing prosecution of those proceedings. For example, while the judicial privilege may bar a defamation claim arising from a complaint's defamatory statements (as is the usual attention of the judicial privilege), it does not bar – as evident by the *Dragonetti* act – the action of filing and prosecuting the claim (whether intentionally or negligently).

While Phelan attempts to draw a distinction per Guy, *supra*., from its action as counsel as opposed to Wells Fargo's (i.e., client), Guy has been specifically limited to legal malpractice actions arising from estate planning. *See*, Estate of Agnew v. Ross, 152 A.3d 247 (Pa. 2017).

Neither judicial proceedings nor the inapposite and significantly limited Guy holding preclude an action by Plaintiffs against Phelan.

---

[2] Pitts Construction Co. v. Griffith, 834 A.2d 572, 581-582 (Pa. Super 2003); Knight v. Springfield Hyundai, 81 A.3d 940, 949-952 (Pa.Super. 2013).
[3] Bilt-Rite Contractors, Inc. v. The Architectural Studio, 866 A.2d 270 (Pa. 2005).

**IV. Conclusion**

Through the *Dragonetti Act*, Pennsylvania has already recognized a duty of care between clients and their counsel to third-parties in the wrongful prosecution and ongoing wrongful continuation of legal proceedings. While this Honorable Court has held Plaintiff's claim under the *Dragonetti* Act did not meet that Act's high burden, that does not undermine Pennsylvania's explicit (i.e., *Dragonetti*) and implicit attribution of clients and their counsel's duties to adverse parties not to prosecute and ongoing wrongfully continue litigation. On the contrary, <u>Althaus</u> specifically sets forth those duties.

Said differently, though Plaintiffs cannot meet their burden under the *Dragonetti* Act that does not mean they cannot meet their lesser burden for Negligence/NIED.

The *Gist of the Action*/Economic Loss doctrine and judicial immunity does not apply.

For the purposes of duty, Pennsylvania does not distinguish – at least upon 12(b)(6) between counsel and client under the facts here pleaded.

Plaintiff has stated a cognizable claim for negligence/NIED against both defendants. As is their burden, Defendants have not made a binding apposite precedential showing otherwise.

WHEREFORE, Plaintiffs respectfully request this Honorable Court grant their Motion for Leave to Amend.

                                                        **WEISBERG LAW**

                                                        <u>/s/ Matthew B. Weisberg</u>
                                                        Matthew B. Weisberg, Esquire
                                                        Attorney for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANK & CHRISTIE ADAMS | : | |
| | : | |
| Plaintiffs, | : | NO.: 16-907 |
| v. | : | |
| | : | |
| WELLS FARGO BANK, N.A., et al. | : | |
| | : | **JURY OF TWELVE (12) DEMANDED** |
| Defendants. | : | |
| | : | |

## CERTIFICATE OF SERVICE

I, Matthew B. Weisberg, Esquire, hereby certify that on this 12th day of June, 2017, a true and correct copy of the foregoing Plaintiffs' Reply Memorandum in Support of Plaintiffs' Motion to Amend was served via ECF, upon the following parties:

Craig A. Hirneisen, Esq.
Steven J. Adams, Esq.
Stevens & Lee
111 N. Sixth Street
P.O. Box 679
Reading, PA 19603

Kenneth S. Goodkind, Esq.
Flaster Greenberg, P.C.
1810 Chapel Ave West, 3rd Floor
Cherry Hill, NJ 08001

**WEISBERG LAW**

/s/ Matthew B. Weisberg
Matthew B. Weisberg, Esquire
Attorney for Plaintiffs