IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FRANK ADAMS and CHRISTIE A. ADAMS, *Ind. & as H/W*,

    Plaintiff,

v.

WELLS FARGO BANK, N.A., and PHELAN, HALLINAN, DIAMOND & JONES LLP, formerly known as PHELAN, HALLINAN & SCHMIEG, LLP,

    Defendant.

CIVIL ACTION
NO. 16-0907

## MEMORANDUM

**SCHMEHL, J.** /s/ JLS                                                         DECEMBER 27, 2017

Frank and Christie Adams ("Plaintiffs") moves for leave to amend their Complaint, alleging two additional claims: 1) negligence; and 2) negligent infliction of emotional distress ("NIED"). Defendants Wells Fargo Bank ("Wells Fargo") and Phelan, Hallinan, Diamond & Jones, LLP ("Phelan") opposes Plaintiffs' motion to amend because: 1) Wells Fargo does not owe a duty to Plaintiffs; and 2) the gist of the action doctrine precludes pleading tort claims for alleged breaches of duty created by contract. (ECF Docket No. 36, at 5-8.) For the reasons stated below, this Court will deny Plaintiffs' motion.

A.    Facts

As this Court has already addressed the facts of this case, it will briefly discuss only the pertinent facts relating to the Plaintiffs' Second Amended Complaint. Defendant Wells Fargo extended a loan to Plaintiffs in the amount of $89,000, in which, to secure repayment of the loan, Plaintiffs executed and delivered to Wells Fargo a mortgage that

granted a lien and security interest in certain real property owned by Plaintiffs at 58 Lillian Lane, Bangor, Northampton County, Pennsylvania 18013. (ECF Docket No. 12.) Plaintiffs missed their regular payments for April, June, and July of 2009, and subsequently fell into arrears on the mortgage loan. (ECF Docket No. 9, at ¶ 6.) In or about August 2009, Plaintiffs entered a twelve (12) month "Special Forbearance" plan with Wells Fargo. (Id. at ¶ 8.) Plaintiffs completed the special forbearance plan in September 2010 and resumed regular monthly mortgage payments to Wells Fargo through December 2010. (Id. at ¶¶10-11.) In or about December 2010, Wells Fargo sent Plaintiffs an Act 91 foreclosure notice detailing the four (4) regularly monthly payments Plaintiffs missed between September and December 2010. (Id. at ¶ 12.) In or about October 2011, Defendants brought a foreclosure action against Plaintiffs in the Northampton Court of Common Pleas. (Id. at ¶ 23.) Plaintiffs were then forced to defend the litigation and incur costs and expenses relating to the defense. In December 2015, Wells Fargo voluntarily withdrew its complaint and discontinued the foreclosure action without prejudice. (ECF Docket No. 12.)

Plaintiffs brought claims against both Defendants for alleged violations of Wrongful Use of Civil Proceedings ("Dragonetti Act") (Count I), Pa. Act 6 (Count II), Unfair Trade Practices and Consumer Protection Law (Count III), Fair Debt Collection Practices Act (Count IV), and Loss of Consortium (Count V). Defendants moved to dismiss the Complaint. On April 13, 2017, this Court granted in part and denied in part Defendants' motion, dismissing Count I (Wrongful Use of Civil Proceedings) with prejudice. (ECF Docket No. 23.) Following subsequent appeals, Plaintiffs then moved

to amend the complaint, adding two additional claims: 1) negligence; and 2) negligent infliction of emotional distress. Defendants moved in opposition.

B.  Standard of Review

Federal Rule of Civil Procedure 15(a) provides "leave [to amend] shall be freely given when justice so requires. *In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1434 (3d Cir. 1997). Specific grounds for denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility. *Id.* (citing *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3rd Cir.1993)). Defendants in our present case argue against amending the Complaint based on futility. Our Circuit defines "Futility" as whether "the complaint, as amended, would fail to state a claim upon which relief could be granted." *Id.* (citing *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996)). "In assessing 'futility,' the district court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Id.* (citing 3 *Moore's* at ¶ 15.08[4], at 15–81)). Therefore, we must apply Rule 12(b)(6) standard.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim satisfies the plausibility standard when the facts alleged "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Burtch v. Millberg Factors, Inc.*, 662 F.3d 212, 220-21 (3d Cir. 2011) (citing *Iqbal*, 556 U.S. at 678). While the plausibility standard is not "akin to a 'probability requirement,'" there nevertheless must be more than a "sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

"Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

The Court of Appeals requires us to apply a three-step analysis under a 12(b)(6) motion: (1) "it must 'tak[e] note of the elements [the] plaintiff must plead to state a claim;'" (2) "it should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth;'" and, (3) "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Connelly v. Lane Construction Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 675, 679); *see also Burtch*, 662 F.3d at 221; *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011); *Santiago v. Warminster Township*, 629 F.3d 121, 130 (3d Cir. 2010).

C.  Analysis

Plaintiffs attempt to plead two additional claims of negligence in their amended complaint. Before answering whether Plaintiffs are entitled to amend the complaint, we must first define prima facie negligence. Negligence requires the plaintiff establish four elements: 1) the defendant owed the plaintiff a duty; 2) the defendant breached the duty; 3) the plaintiff suffered actual harm; and 4) a causal relationship existed between the breach of duty and the harm. *Freed v. Geisinger Medical Center*, 910 A.2d 68, 72 (Pa. Super. Ct. 2006). Accordingly, "[a]ny action in negligence is premised on the existence of a duty owed by one party to another." *Villari Brandes & Giannone, PC v. Wells Fargo Financial Leasing, Inc.*, 2013 WL 5468497, at *7 (E.D. Pa. 2013) (citing *Palumbo v. Connors*, No. 95–5526, 1996 WL 243649, at *7 (E.D. Pa. 1996)); *see also Merlini ex*

*rel. Merlini v. Gallitzin Water Authority*, 934 A.2d 100, 104 (Pa. Super. Ct. 2007). Without a duty, negligence cannot form the basis of a claim.

Plaintiffs fail to allege Wells Fargo owed them a cognizable pre-existing legal duty. Rather, Plaintiffs contend Wells Fargo owed Plaintiffs a duty "to not act against the advice of its own managerial employees to foreclose on a borrower's home without sound factual basis of an accurate accounting of the borrower's mortgage loan payments." (ECF Docket No. 35-2, ¶57.) Plaintiffs do not cite any authority supporting this assertion. Accordingly, no such duty exists between Wells Fargo and Plaintiffs as lender-borrower. Moreover, Plaintiffs are precluded from "recasting ordinary breach of contract claims into tort claims" under the gist of the action doctrine. This Court's analysis is below.

1. <u>Wells Fargo and Phelan did not owe a duty of care to Plaintiffs.</u>

Plaintiffs' amended complaint fails to identify a legally cognizable duty owed by Defendants Wells Fargo and Phelan. First, Wells Fargo owes no duty to Plaintiffs as their lender. It is well established that "a lender owes no duty of care to his borrower." *Villari*, 2013 WL 5468497, at *7 (citing *Rousseau v. City of Philadelphia*, 514 A.2d 649, 652 (Pa. Commw. Ct. 1986)). Without a duty of care between lender and borrower, there can be no claim for negligence. This lack of duty between lender and borrower also extends to claims under NIED. *Grimaldi v. Bank of America*, 2013 WL 1050549, at *10 (M.D. Pa. 2013).

NIED is recoverable in situations where "the defendant had a contractual or fiduciary duty toward the plaintiff." *Id.* at 9. The Supreme Court of Pennsylvania in *Toney* concluded NIED is limited to "preexisting relationships involving duties that obviously and objectively hold the potential of deep emotional harm in the event of

5

breach . . . [which] must encompass an implied duty to care for the plaintiff's emotional well-being." *Id.* at 10 (citing *Toney v. Chester County Hospital*, 961 A.2d 192, 198 (Pa. Super. Ct. 2008), *aff'd*, 36 A.3d 83 (Pa. 2011)). In *Grimaldi*, the court concluded the lender-borrower relationship holds no such implied duty and could not support a NIED claim. *Id.* As such, Wells Fargo's relationship with Plaintiffs – as lender-borrower – holds no such implied duty which would support a claim for NIED.

Second, Phelan does not owe a duty to Plaintiffs as counsel representing Wells Fargo in litigation. Pennsylvania law is clear, according to this Court; an attorney representing a client in litigation "owes no duty of care to the adverse party but only to his own client." *Villari*, 2013 WL 5468497, at *8 (citing *Smith v. Grifiths*, A.2d 22, 26 (Pa. Super. Ct. 1984) ("The general rule is that an attorney will be held liable for negligence only to his client. In the absence of special circumstances, he will not be held liable to anyone else."); *see also Palumbo v. Connors,* 1996 WL 243649, at *7 (E.D. Pa. 1996) (holding attorney owed no duty to opposing party in investigating his clients' case, absent allegations or evidence that attorney was in privity or had a special relationship with the opposing party)).

Plaintiffs cannot and do not plausibly allege either Wells Fargo or Phelan owed them a duty of care with respect to the parties' contract – the mortgage and underlying promissory note. This Court does not find Plaintiff to be in privity or a special relationship with Plaintiffs. Accordingly, allowing Plaintiffs leave to amend would be futile.

## 2. Under the gist of the action doctrine, Plaintiffs are precluded from bringing new negligence claims.

Even if this Court were to find a legal duty exists between Wells Fargo and Plaintiffs, Plaintiffs' negligence claims are barred under the "gist of the action doctrine" because Defendant Wells Fargo's duty concerns the performance of its contractual obligations. The gist of the action doctrine maintains the conceptual distinction between breach of contract claims and tort claims. e*Toll, Inc. v. Elias/Savion Advertising, Inc.*, 811 A.2d 10, 14 (Pa. Super. Ct. 2002). Under Pennsylvania law, the gist of the action doctrine "precludes plaintiffs from recasting ordinary breach of contract claims into tort claims." *Jones v. ABN Amro Mortg. Group, Inc.*, 606 F.3d 119, 123 (3d Cir. 2010). Specifically, the gist of the action doctrine provides: "an alleged tort claim against a party to a contract, based on the party's actions undertaken in the course of carrying out a contractual agreement, is barred when the gist...of the cause of action stated in the complaint, although sounding in tort, is, in actuality, a claim against the party for breach of its contractual obligations." *Vantage Learning (USA), LLC v. Edgenuity, Incorporated*, 246 F.Supp.3d 1097, 1101 (E.D. Pa. 2017) (citing *Bruno v. Erie Ins. Co.*, 106 A.3d 48, 68 (Pa. 2014)). We must therefore look to the substance of the allegations comprising a claim in the plaintiff's complaint and overlook the mere labeling of a claim – e.g. in tort (negligence) or contract.

The Superior Court of Pennsylvania, citing our Circuit, applied this duty-based demarcation, stating "a claim should be limited to a contract claim when 'the parties' obligations are defined by the terms of the contracts, and not by the larger social policies embodied by the law of torts.'" e*Toll, Inc.* 811 A.2d at 14 (citing *Bohler-Uddeholm Am., Inc. v. Ellwood Group, Inc.*, 247 F.3d 79, 104 (3d Cir. 2001), *cert. denied*, 534 U.S. 1162

(2002) (quoting *Bash v. Bell Telephone Co. of Pennsylvania*, 601 A.2d 825, 830 (Pa. Super. Ct. 1992)). A distinction exists between "a general duty of care owed to all the public" and "a duty relating to the performance of contractual duties." The law of torts imposes a broader social duty owed to all individuals; contractual duties are imposed by "mutual consensus." *Myerski v. First Acceptance Ins. Co.*, 3:16–CV–488, 2016 WL 3227266, at *10 (E.D. Pa. June 13, 2016); *see also Vantage Learning (USA), LLC* 246 F.Supp.3d at 1101. Therefore, allegations of negligence should concern an alleged breach of a general social duty, not a breach of any duty created by the contract itself. *Bruno v. Erie Ins. Co.*, 106 A.3d 48, 71 (Pa. 2014).

Plaintiffs argue the negligence claims are separate and distinct from the claims arising under the contract claim because the Plaintiffs' claim is not in "wrongful servicing," but rather in "wrongful foreclosure." Plaintiffs continue, "the doctrine does not apply where: (1) the contract at issue does not fully circumscribe all of the wrongs alleged; (2) the claim sounds in a moral wrong or public policy failing; and (3) the negligence arises from a foreseeable third-party." (ECF Docket No. 41, at 2-3.) Plaintiffs' argument is unconvincing, as Plaintiffs cite no authority supporting the existence of a separate public duty "to not act against advice of its own managerial employees." As Defendants correctly argue, "[a]ny accounting of Plaintiffs' mortgage payments by Wells Fargo . . . was pursuant to a contract." (ECF Docket No. 36, at 7.) Plaintiffs' claims are based entirely on the mortgage and foreclosure action, created by the parties' agreement and related to their contractual duties.

Because Plaintiffs do not allege the breach of a public duty arising under tort law, Plaintiffs' negligence claims are barred under the gist of the action doctrine. Their very

unconventional argument must fail. Accordingly, allowing Plaintiffs leave to amend would be futile and must be denied.

D.  Conclusion

Given the absence of a legally cognizable duty between Wells Fargo/Phelan and Plaintiffs, and the application of the "gist of the action doctrine," this Court concludes that amendment to Plaintiffs' Complaint would be futile. Therefore, in the accompanying Order, this Court will deny Plaintiffs' motion to amend the Complaint.