UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANK AND CHRISTIE A. ADAMS, individually and as h/w, | : : CIVIL ACTION |
| Plaintiffs, | : : NO. 5:16-cv-00907-JLS |
| v. | : |
| WELLS FARGO BANK, N.A. and PHELAN HALLINAN DIAMOND & JONES, LLP, f/k/a PHELAN, HALLINAN & SCHMIEG, LLP, | : : : |
| Defendants. | : |

**BRIEF IN SUPPORT OF MOTION OF PHELAN HALLINAN DIAMOND & JONES, LLP TO DISMISS PLAINTIFFS' LOSS OF CONSORTIUM CLAIM <u>WITH PREJUDICE PURSUANT TO FRCP 12(B)(6)</u>**

Defendant Phelan Hallinan Diamond & Jones, LLP ("Phelan") submits this brief in support of its Motion to Dismiss Count V, Loss of Consortium, of the First Amended Complaint (the "Complaint"; ECF No. 9) with prejudice, pursuant to FRCP 12(b)(6).

**I.  PRELIMINARY STATEMENT**

This Court's December 27, 2017 Opinion (the "Opinion"; ECF No. 66) denying Plaintiffs' Motion to Amend the Complaint to assert two tort claims unequivocally found that "Plaintiffs' amended complaint fails to identify a legally cognizable duty owed by Defendants Wells Fargo and Phelan" and "Phelan does not owe a duty to Plaintiffs as counsel representing Wells Fargo in litigation."  *Id.* at 5-6.  Since this Court has now determined that Plaintiffs cannot assert tort claims against Phelan because the required tort element of a duty owed (*Id*. a 4) is lacking, the loss of consortium claim must be dismissed because it sounds in tort.

While Phelan submits that the foregoing law of case is dispositive, in the interests of completeness, it is noted that there are additional independent reasons that the loss of consortium claim is untenable, as Plaintiffs' counsel well knows.  In *Andress v. Nationstar Mortg., LLC*, 2015

1

WL 5737568 (E.D. Pa. Sept. 30, 2015) one of Plaintiff's attorneys had such a claim dismissed by this Court in a case involving substantially similar allegations as this one.  In *Andress*, this Court also made it abundantly clear that a loss of consortium claim cannot survive a Motion to Dismiss when the other claims are exclusively for violations of consumer protection statutes, because such underlying claims do not implicate physical injuries required to properly allege loss of consortium[1]

The *Andress* plaintiffs, like the Adams, were a married couple who had asserted the same types of UTPCPL and FDCPA claims against those defendants as the Adams currently assert against Phelan.  The Court dismissed the loss of consortium claim at the pleading stage with prejudice because such a claim simply cannot exist in these types of circumstances where no other tort is alleged and where the plaintiffs did not suffer any physical injury.

A claim for loss of consortium like Count V is exclusively a tort claim that must derive from a tort claim asserted by the other spouse.  That principle, combined with the confirmation in *Andress* that physical injury to one spouse is required for the other to assert a claim for loss of consortium claim, means that Plaintiffs cannot assert a loss of consortium claim against Phelan based on their statutory (as distinguished from tort) UTPCPL and FDCPA claims.  Thus, even if the Court had not found that Phelan owes no duty to Plaintiffs, the loss of consortium claim is unsustainable.[2] The law of the case established in the Opinion that Phelan owes no duty to

---

[1] A copy of this unpublished opinion is attached as Exhibit A.

[2] The Complaint lack any allegation of physical injury to either Plaintiff that is causally connected to any conduct of Phelan.  This deficiency is fatal to the loss of consortium claim against Phelan and cannot be cured or excused as an oversight.  The Complaint does allege that Mrs. Adams suffered a miscarriage in 2009 (ECF 9 at par. 9). Assuming *arguendo* that this could serve as a physical injury for loss of consortium purposes, it does not pertain to Phelan.  That is because Phelan was not involved with the Plaintiffs in any manner whatsoever until 2 years later, when it commenced the underlying foreclosure on behalf of Wells Fargo.  See *Id*. at pars. 23-24, et seq. (footnote continues on next page)

Plaintiffs by itself mandates dismissal of Count V with prejudice as to Phelan.  When considered along with Plaintiffs' other pleading failures, the case for dismissal is even more compelling.

## II. PROCEDURAL HISTORY AND FACTS ALLEGED AND/OR SUBJECT TO JUDICIAL NOTICE

As the Opinion indicates that the Court is already familiar with the facts, in the interests of economy Phelan will not repeat them, but instead respectfully refers to and incorporates by reference the facts presented previously in the Motions to Dismiss of Phelan (ECF No. 13-1 at .p 2 et seq.) and Wells Fargo (ECF No. 12-3 at p. 2 et seq.). Because the Court dismissed Count I, Wrongful Use of Civil Proceedings, three claims against Phelan remain: Count III, UTPCPL; Count IV, FDCPA; and Count V, Loss of Consortium.

On May 17, 2017, following the Court's adjudication of the two prior Motions to Dismiss, Plaintiffs filed a Motion to Amend to assert two tort claims (ECF No. 35).[3]  On December 27, 2017, the Court issued the Opinion denying Plaintiffs' Motion, finding that "Plaintiffs' amended complaint fails to identify a legally cognizable duty owed by Defendants Wells Fargo and Phelan," and "Phelan does not owe a duty to Plaintiffs as counsel representing Wells Fargo in litigation." *Id.* at 5-6.

---

Phelan notes that the Complaint is further unclear and confusing as to whether each Plaintiff is attempting to assert a loss of consortium claim.  Phelan is also unaware of any authority that permits a spouse who has asserted other claims to assert a derivative loss of consortium claim as well.  Since the loss of consortium claim fails in all events for the reasons stated above, it is unnecessary to explore these additional pleading defects further.

[3] Given the failure of Plaintiffs' counsel in *Andress*, they likely knew that the loss of consortium claim would fail because there was no other tort claim from which it could be asserted to have derived.  Query whether the Motion to Amend was an inadequate attempt to remedy that defect in the loss of consortium claim.

3

### III.  LEGAL ARGUMENTS AND REASONING[4]

Plaintiffs' attempt to assert a claim for loss of consortium against Phelan is entirely futile, fully failing to satisfy even the relatively liberal FRCP pleading standards.  "In Pennsylvania, the loss of consortium has developed from being merely a derivative claim to being a separate and independent injury."  *Koenig v. Progressive Ins. Co.*, 599 A.2d 690, 691 (Pa. Super. 1991); *see also Reinhold v. Cty. of York, Pa.*, 2012 WL 4104793, at *22 (M.D.Pa. Aug. 31, 2012) ("Loss of consortium is a valid, distinct cause of action under Pennsylvania law."), report and recommendation adopted sub nom. *Reinhold v. Cty. of York*, 2012 WL 4106748 (M.D.Pa. Sept. 18, 2012).  The point made clear by the foregoing authorities is that a claim for loss of consortium is, in fact, a claim sounding in tort that derives from the tortious injury suffered by the other spouse.  *Koenig*, 599 A.2d at 695.

The Supreme Court of Pennsylvania has stated unequivocally that in a claim for loss of consortium:

> the losses alleged are personal to the uninjured spouse and arise from the deprivation of the injured spouse's society and services.  It is well-settled that the claim is derivative, emerging from the impact of one spouse's physical injuries upon the other spouse's marital privileges and amenities.

*Darr Const. Co. v. W.C.A.B. (Walker)*, 715 A.2d 1075, 1079–80 (Pa. 1998).  A loss of consortium claim is therefore derivative because it cannot exist without a prior physical injury having been suffered by the spouse of the party asserting loss of consortium.  Because the marital unit is recognized as one legal entity, the consortium claim is derived directly from the injured spouse's personal injury claim.

---

[4]  The well-established legal standard governing this Motion to Dismiss is stated in Wells Fargo's Motion to Dismiss (ECF No. 12-3 at p. 4 et seq.) and the Court's resulting Opinion (ECF No. 22 at p. 3).  In the interests of brevity, the Court is respectfully referred thereto.

4

This Court and the Third Circuit (applying Pennsylvania law) have both confirmed the above rulings of the Pennsylvania state courts. *See Kline v. Zimmer Holdings, Inc.*, 662 F. App'x 121, 123 n. 1 (3d Cir. 2016) (holding that because summary judgment granted as to alleged victim's claims, and victim's wife's loss of consortium claim was "entirely derivative of" victim's claims, loss of consortium automatically dismissed); *Banks v. Int'l Rental & Leasing Corp.*, 680 F.3d 296, 300 n.6 (3d Cir. 2012) ("The District Court dismissed his claim for loss of consortium because that claim was derivative and therefore must rise or fall with his wife's claims."); *Burke v. Veolia Energy Co.*, 2017 WL 432536, at *4 (E.D. Pa. Feb. 1, 2017)[5] (quoting *Darr* in noting that loss of consortium claim is separate and distinct cause of action, derivative of injured spouse's claim, that "emerg[es] from the impact of one spouse's physical injuries upon the other spouse's marital privileges and immunities").

As noted above, this Court dismissed a loss of consortium claim asserted by the same counsel as here in *Andress* under nearly identical circumstances. There, the married plaintiffs asserted claims under the UTPCPL, the FDCPA and three other consumer protection statutes, but failed to assert any physical injuries sustained by either spouse as a result of the defendants' actions. *Andress*, 2015 WL 5737568 at *1. The Court's discussion concerning loss of consortium is concise and directly on point:

> Plaintiffs' claim … for loss of consortium must be dismissed with prejudice because plaintiffs have not alleged any injury to a spouse, much less a negligent injury. Pennsylvania recognizes a common law tort for loss of consortium. Any interference with this right of consortium by the negligent injury to one spouse, should afford the other spouse a legal cause of action to recover damages for that interference. "It is well settled that the claim is derivative, emerging from the impact of one spouse's *physical* injuries upon the other spouse's marital privileges and amenities." *Darr Const. Co. v. W.C.A.B. (Walker)*, 715 A.2d 1075, 1080 (Pa. 1998) (emphasis added).

---

[5] A copy of this unpublished opinion is attached as Exhibit B.

> Plaintiffs' Amended Complaint alleges violations of numerous consumer protection statutes. **Plaintiffs cite no authority supporting a claim for loss of consortium based on violation of these statutes in the absence of tortious injury.** A loss of consortium claim can only compensate a spouse for the loss of spousal services **caused by the other spouse's *physical* injuries**, and thus there is no cognizable loss of consortium claim on the facts alleged in plaintiffs' Amended Complaint. Accordingly, amendment of the loss of consortium claim against BOA would be futile and it is dismissed with prejudice.

[*Id.* at *4 (emphases added; internal quotations and citations omitted other than *Darr*)].

Here, as in *Andress*, Plaintiffs have not any alleged any physical injury associated in any manner with Phelan. Further, loss of consortium cannot be based on or derive from alleged violations of consumer protection statutes like the UTPCPL and the FDCPA, which are the only other claims asserted against Phelan. The Opinion has now found that Phelan did not owe any duty to Plaintiffs. There is no prerequisite tort claim even alleged against Phelan, let alone one which caused one of the Plaintiffs a *physical* injury that could conceivably give rise to a claim for loss of consortium by the other Plaintiff.

## V.  CONCLUSION

Plaintiffs' Amended Complaint is irreparably devoid of the allegations required to state a claim for loss of consortium. Plaintiffs' futile attempt at alleging a claim for loss of consortium when Phelan owed no duty to them, coupled with their counsel knowing full well of the Court's decision in *Andress*, compels dismissal of Count V as to Phelan. Accordingly, Phelan respectfully

requests that the Court dismiss Count V, Loss of Consortium, with prejudice as to Phelan, and grant Phelan such other and further relief as is just and proper.

**FLASTER/GREENBERG P.C.**

Dated:  January 8, 2018         By: */s/  Kenneth S. Goodkind*
Kenneth Goodkind, Esq.
4 Penn Center
Philadelphia, PA 19103
    -and-
1810 Chapel Avenue West
Cherry Hill, NJ  08002
Tel: (856) 661-1900
Fax: (856) 661-1919
*Attorneys for Defendant*
*Phelan Hallinan Diamond & Jones, LLP*